# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

JOHN PACK,
**Claimant Below, Petitioner**

**FILED**
**May 5, 2017**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)    No. 16-0375** (BOR Appeal No. 2050824)
(Claim No. 2012037780)

**DOUBLE BONUS COAL,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner John Pack, by Gregory S. Prudich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Double Bonus Coal, by Katherine H. Arritt, its attorney, filed a timely response.

The issue on appeal is the appropriate amount of a permanent partial disability award to be granted to Mr. Pack as a result of the compensable injury in this claim. This appeal originated from the December 4, 2013, claims administrator's decision granting a 0% permanent partial disability award. In its September 18, 2015, Order, the Workers' Compensation Office of Judges affirmed the decision. The Board of Review's Final Order dated March 22, 2016, affirmed the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Pack, a coal miner, sustained an injury on June 1, 2012, when he was attempting to pick up a canopy top from a roof bolter machine. Mr. Pack felt pain in his groin bilaterally and was eventually diagnosed with a bilateral inguinal hernia. On November 13, 2012, Mr. Pack underwent surgery to repair the right inguinal hernia. The left inguinal hernia was subsequently repaired on January 29, 2013. Mr. Pack continued to suffer from pain in his groin and ultimately underwent three medical evaluations to determine his permanent partial disability.

1

On November 15, 2013, Prasadarao Mukkamala, M.D., performed an independent medical evaluation on Mr. Pack. Dr. Mukkamala reviewed the medical history and performed a physical evaluation in which he noted no palpable masses or defect in the abdominal wall. He also noted no defect in the inguinal canal and no hernia. Dr. Mukkamala opined that Mr. Pack's surgery had been successful and there were no objective findings to support Mr. Pack's complaints of pain. He therefore determined Mr. Pack suffered from 0% impairment. Based on his report, the claims administrator granted Mr. Pack a 0% permanent partial disability award on December 4, 2013.

On April 8, 2014, Bruce Guberman, M.D., performed an independent medical evaluation on Mr. Pack. Mr. Pack reported to Dr. Guberman that he had not noticed a recurrence of a bulge but did feel like swelling had occurred with increased walking or standing. Dr. Guberman performed a physical examination and did not note any palpable masses. Dr. Guberman ultimately recommended 6% impairment due to sensory deficit, pain, or discomfort in the ilioinguinal nerves.

Finally, Charles Clements, M.D., performed an independent medical evaluation on Mr. Pack on April 27, 2015. Mr. Pack reported to Dr. Clements that he had been experiencing pain across his entire pelvic girdle. Upon examination, Dr. Clements determined Mr. Pack's abdomen and pelvis revealed no organomegaly and no palpable masses in either the inguinal canal or in the abdominal wall. He noted that Mr. Pack seemed to be healing well from his surgery. Dr. Clements opined that Mr. Pack's complaints were subjective and not consistent with objective findings during the examination. Dr. Clements assessed 0% impairment.

On September 18, 2015, the Office of Judges affirmed the claims administrator's decision granting a 0% permanent partial disability award. The Office of Judges indicated that hernia-related impairment is governed by Chapter 10 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). Specifically, Table 7 divides hernia-related impairment into three classes. In all three classes, the threshold medical finding which must be made is that a claimant demonstrates a palpable medical defect in the supporting structures of the abdominal wall. In all three independent medical evaluations, all evaluators noted that Mr. Pack did not exhibit any palpable masses in his abdomen or pelvis. The Office of Judges determined that while Mr. Pack's complaint of pain and mild discomfort seemed to be substantial, it did not meet the threshold under Table 7 of American Medical Association's *Guides*. The Office of Judges concluded that Mr. Pack failed to meet his burden and granted a 0% permanent partial disability award. On March 22, 2016, the Board of Review affirmed the Office of Judges' Order.

We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. All three independent medical evaluations show that Mr. Pack does not demonstrate any palpable masses or defects in the supporting structures of his abdominal wall. Thus, he does not meet the threshold laid out in Chapter 10 of the American Medical Association's *Guides*. Mr. Pack's complaints of pain do not rise to the level of finding permanent impairment. A 0% permanent partial disability award is supported by the evidentiary record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 5, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker